GAUDIN, Judge.
Appellant is Chevron USA, Inc., whose third party demand on ENP Sales was dismissed in the 24th Judicial District Court. ENP had filed an exception of no cause of action, which was maintained by the trial judge. We affirm.
The original petition in this litigation was filed by Dr. Charles Wasserman and Leopold Mendler, who alleged that their building had a defective roof. Custom Waterproofing & Roofing, Inc. had installed the roof, using Chevron’s product, CIM (Chevron Industrial Membrane). Custom Waterproofing and Chevron were named defendants but not ENP, which distributes CIM in Louisiana.
Chevron, asking for contribution because of mutual fault of a manufacturer and distributor, named ENP as a third party defendant. Chevron contends that ENP failed to investigate complaints, failed to find and repair minor defects, failed to maintain a competent work, staff and failed, generally, to provide good service to customers.
The suit by Wasserman and Mendler states that the CIM, installed negligently by Custom Waterproofing, cracked and that the edges curled because the membrane did not adhere to the roof.
Chevron’s third party demand does not charge ENP with creating a defect in the product or with negligent installation. We are unable to say, therefore, that the trial judge erroneously maintained ENP’s exception. We are unaware of any jurisprudence or Civil Code article that would cause ENP to contribute, under the pleaded facts and circumstances of this case. Chevron can only be cast in judgment if its CIM is found defective and in no way was ENP involved in the manufacture of this product.
LSA-C.C. arts. 1804 and 1805, cited and relied on by Chevron, are concerned with solidary obligors. Here, Chevron and ENP clearly are not solidary co-obligors. Nonetheless, Chevron argues in its brief that ENP possibly inventoried (stored) CIM incorrectly and that ENP’s inaction after being advised of the complaints possibly permitted a minor problem to become major. Such possibilities cannot support a viable third party demand.
We affirm the maintaining of ENP’s exception of no cause of action. Chevron is to pay costs of this appeal.
AFFIRMED.